UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK MCKNIGHT** <br> 1200 Delaware Avenue SW #502 <br> Washington, DC 20024 <br><br> Plaintiff, <br><br> v. <br><br> **7-ELEVEN INC.** <br> **d/b/a 7-ELEVEN** <br> 1722 Routh Street, Suite 1000 <br> Dallas, TX 75201 <br><br> <u>Serve Registered Agent</u>: <br> Corporate Creations Network Inc. <br> 1629 K Street NW, Suite 300 <br> Washington, DC 20006 <br><br> **NIGIST TADESSE** <br> 5801 Quantrell Avenue #411 <br> Alexandria, VA 22312 <br><br> Defendant. | Case No. _____ |

## COMPLAINT
### (NEGLIGENT HIRING, SUPERVISION AND RETENTION)

COMES NOW Plaintiff Mark McKnight ("Plaintiff"), by and through his attorney, Keith W. Watters, and hereby moves for judgment against Defendant 7-Eleven Inc. ("Defendant 7-Eleven") and Defendant Nigist Tadesse ("Defendant Tadesse") on the grounds and in the amount as hereinafter set forth:

1. Plaintiff was at all times relevant hereto a resident of the District of Columbia.

2. Defendant 7-Eleven is a Texas corporation with its principal place of business located at 1722 Routh Street, Suite 1000, Dallas, TX 75201. Upon information and belief, Defendant 7-Eleven at all times relevant hereto owned, operated, managed, and/or maintained,

1

and/or holds itself out as owning, operating, managing, and/or maintaining, the 7-Eleven store located at 1109 South Capitol Street SW, Washington, DC 20024 (Store No. 25767).

3. Defendant Tadesse was at all times relevant hereto a resident of the Commonwealth of Virginia.  Upon information and belief, Defendant Tadesse at all times relevant hereto owned, operated, managed, and/or maintained the 7-Eleven store located at 1109 South Capitol Street SW, Washington, DC 20024 (Store No. 25767).

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because Defendants do business and have the necessary minimum contacts in the District of Columbia.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events or omissions giving rise to this action occurred in the District of Columbia.

7. On or about September 30, 2016, Plaintiff entered the 7-Eleven store located at 1109 South Capitol Street SW, Washington, DC 20024 (Store No. 25767).  Upon entering the store, a 7-Eleven employee, Mr. Adbullahi Amin (aka Abdullahi Amin; Abdul Amin; Abdullah Amin), violently assaulted and stabbed Plaintiff with a knife.

8. Plaintiff sustained severe and permanent injuries to his entire body, including multiple stab wounds, lacerations, and a proximal humerus fracture in his left shoulder.  Plaintiff underwent an open reduction internal fixation of his left humerus and tendon repair of two right hand fingers.

9. Prior to September 30, 2016, Defendant 7-Eleven and Defendant Tadesse knew or should have known of their employee's propensity towards violence and history of criminal behavior.

10. The 7-Eleven employee, Mr. Amin, has an extensive criminal history in the District of Columbia, Maryland, and Virginia, including both charges and convictions. Upon information and belief, Mr. Amin's convictions include:

(a) Guilty of <u>Breaking and Entering</u> in 2003 (Arlington County Circuit Court).

(b) Guilty of <u>Assault and Battery</u> in 2003 (Arlington County Circuit Court).

(c) Guilty of <u>Assault and Battery</u> in 2003 (Arlington County Circuit Court).

(d) Guilty of <u>Petit Larceny</u> in 2007 (Arlington General District Court).

(e) Guilty of <u>Simple Assault</u> in 2007 (Superior Court of the District of Columbia). His probation conditions included: drug treatment program; alcohol treatment program; mental health screening/evaluation; stay away from Sarah Aslam Dada; stay away from Bhuvang Govind; and stay away from 2400 block of 18th Street NW.

(f) Guilty of <u>Simple Assault</u> in 2007 (Superior Court of the District of Columbia). His probation conditions included: drug treatment program; alcohol treatment program; mental health screening/evaluation; stay away from Sarah Aslam Dada; stay away from Bhuvang Govind; and stay away from 2400 block of 18th Street NW.

(g) Guilty of <u>Bail Reform Act</u> in 2007 (Superior Court of the District of Columbia). His probation conditions included: drug treatment program; alcohol treatment program; mental health screening/evaluation; stay away from Sarah Aslam Dada; stay away from Bhuvang Govind; and stay away from 2400 block of 18th Street NW.

(h) Guilty of <u>Driving Under the Influence</u> in 2007 (Superior Court of the District of Columbia).

(i) Guilty of <u>Threats to do Bodily Harm</u> in 2009 (Superior Court of the District of Columbia). His probation conditions included: alcohol testing and alcohol treatment program.

  (j)  Guilty of <u>Assault on a Police Officer</u> in 2009 (Superior Court of the District of Columbia).  His probation conditions included: alcohol testing and alcohol treatment program.

  (k)  Guilty of <u>Urinating in Public</u> in 2011 (District Court for Baltimore County).

  (l)  A <u>Final Protective Order</u> was issued in 2016 (District Court for Baltimore City) which ordered Mr. Amin to not abuse; not contact; not enter residence; stay away from school; stay away from employment; vacate the home; and surrender firearms.

11. The 7-Eleven employee also has a long record of charges in the District of Columbia, Maryland, and Virginia.  Upon information and belief, Mr. Amin's charges include:

  (a)  Charged for <u>Simple Assault</u> in 2004 (Superior Court of the District of Columbia).

  (b)  Charged with <u>Disorderly Conduct</u> in 2006 (Superior Court of the District of Columbia).

  (c)  Charged with <u>Threats to Do Bodily Harm</u> in 2006 (Superior Court of the District of Columbia).

  (d)  Charged with <u>Threats to Do Bodily Harm</u> in 2006 (Superior Court of the District of Columbia).

  (e)  Charged with <u>Shoplifting</u> in 2006 (Superior Court of the District of Columbia).

  (f)  Charged with <u>Possession of a Controlled Substance</u> in 2007 (Superior Court of the District of Columbia).

  (g)  Charged with <u>Second Degree Theft</u> in 2009 (Superior Court of the District of Columbia).

  (h)  Charged with <u>Theft</u> in 2009 (District Court for Montgomery County).

  (i)  Charged with <u>Theft</u> in 2009 (District Court for Montgomery County).

  (j)  Charged with <u>Theft</u> in 2009 (District Court for Montgomery County).

  (k)  Charged with <u>Theft</u> in 2009 (District Court for Montgomery County).

(l)  Charged with <u>Second Degree Assault</u> in 2012 (District Court for Baltimore County).

(m)  Charged with <u>Possession of Marijuana</u> in 2014 (District Court for Baltimore City).

(n)  Charged with <u>Possession and Distribution CDS Pack Material</u> in 2014 (District Court for Baltimore City).

(o)  Charged with <u>Possession of Paraphernalia</u> in 2014 (District Court for Baltimore City).

(p)  Charged with <u>Malicious Destruction of Property</u> in 2016 (District Court for Baltimore City).

12.  Defendant 7-Eleven and Defendant Tadesse had a duty to use reasonable care in the hiring, supervision, and retention of their employees, including Mr. Amin.

13.  Defendant 7-Eleven and Defendant Tadesse knew, or in the exercise of ordinary care should have known, that their 7-Eleven employee, Mr. Amin, was a dangerous individual and posed a foreseeable risk of harm to the safety of others.  Prior to the incident on or about September 30, 2016, their employee exhibited a pattern of violent and criminal behavior.  This behavior included numerous charges and convictions in the District of Columbia, Maryland, and Virginia, including charges and convictions for violent acts.

14.  Defendant 7-Eleven and Defendant Tadesse breached their duty of care owed to Plaintiff, including but not limited to in the following manners: by failing to hire employees properly qualified to work at 7-Eleven; by failing to properly screen potential employees; by hiring Mr. Amin; by failing to abide by proper screening protocols before hiring employees; by hiring dangerous and unstable employees; by failing to provide follow-up safety training as required; by failing to provide follow-up safety screening of employees after hiring; by failing to terminate Mr. Amin prior to the incident in question; and by failing to properly supervise employees while such employees are working in the 7-Eleven store.

15. As a direct and proximate result of the negligent acts and/or omissions of Defendant 7-Eleven and Defendant Tadesse, Plaintiff has suffered and continues to suffer pain, mental anguish, humiliation, and embarrassment, and has incurred medical expenses and other damages.

WHEREFORE, Plaintiff Mark McKnight hereby demands judgment against Defendant 7-Eleven Inc. and Defendant Nigist Tadesse, jointly and severally, in the amount of five million dollars ($5,000,000.00), plus interest and costs.

Respectfully submitted,

/s/ Keith W. Watters
Keith W. Watters, Esq. (319210)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 677
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Keith W. Watters
Keith W. Watters